IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AHMED BAKRAN | : | CIVIL ACTION |
| v. | : | |
| JEH JOHNSON, ET AL. | : | No. 15-127 |

**MEMORANDUM**

**Padova, J.**                                                                                      **June 10, 2015**

      Plaintiff Ahmed Bakran, a United States citizen, commenced this action to challenge the denial of a Form I-130 immigrant visa petition that he filed on behalf of his new wife, seeking to have her designated as an immediate relative. Defendants have filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1), arguing that we lack subject matter jurisdiction over Bakran's claims. For the following reasons, we deny Defendants' Motion.

**I. BACKGROUND**

      The undisputed facts as set forth in the Complaint and other filings are as follows. Plaintiff Ahmed Bakran is a United States Citizen who, in 2004, was convicted of one count of aggravated indecent assault in violation of 18 Pa. Cons. Stat. Ann. § 3125, and one count of unlawful contact with a minor in violation of 18 Pa. Cons. Stat. Ann. § 6318. Two years later, in 2006, Congress passed the Adam Walsh Child Protection and Safety Act of 2006 (the "Walsh Act"), Pub. L. No. 109-248, 120 Stat. 587 (2006), which amended the Immigration and Nationality Act (the "INA"), 8 U.S.C. § 1101 *et seq*., to bar citizens convicted of a "specified offense against a minor" from filing any family-based visa petition unless the citizen can prove to the satisfaction of the Secretary of Homeland Security that they pose no risk to the intended immigrant. See 8 U.S.C. §§ 1154(a)(1)(A)(i), 1154(a)(1)(A)(viii)(I).

      In 2012, Bakran married a foreign spouse, Zara Qazi. Shortly thereafter, on July 30, 2012,

Bakran filed a Form I-130 immigrant visa petition ("I-130 Petition"), pursuant to § 201(b) of the INA, 8 U.S.C. § 1151(b)(2)(A)(i), seeking to have his wife classified as his immediate relative so that she could immigrate to the United States. See 8 C.F.R. §§ 204.1(a)(1), 204.2(a)(1). On January 21, 2014, Bakran received from United States Citizenship and Immigration Services ("CIS") a "Request for Evidence/Notice of Intent to Deny" his I-130 Petition. In that Request for Evidence/Notice of Intent to Deny, CIS informed Bakran that, pursuant to the Walsh Act, his 2004 convictions barred him from filing for Qazi's lawful status unless he could show either that his 2004 convictions did not qualify as specified offenses against a minor or that he posed no risk to his wife. Bakran submitted documentation in response to CIS's notice but, on December 9, 2014, CIS denied Bakran's application in a Notice of Decision.

CIS explained in the Notice of Decision that the evidence had established that both of Bakran's counts of conviction constituted "specified offense[s] against a minor" for purposes of the Walsh Act because each involved "conduct that by its nature is a sex offense against a minor." (Ex. 3 to Compl. at 4); see also 42 U.S.C. § 16911(7) (H) and (I). As a result, CIS found that "approval of the family-based visa petition [Bakran] submitted on behalf of [his wife]" was "prohibited as a matter of law." (Ex. 3 to Compl. at 4.) Thus, it explained, in order to avoid the denial of his petition, Bakran was required to demonstrate, beyond any reasonable doubt, that he did not pose a risk to his wife. CIS reviewed the evidence before it and found that Bakran had not met that burden of proof. It therefore denied the I-130 Petition, stating that Bakran had failed to overcome the finding that he was ineligible to file a family-based visa petition because of his conviction for a specified offense against a minor.

Bakran filed his Complaint in this action on January 13, 2015. He alleges that the denial

of his I-130 Petition violated the Constitution and the Administrative Procedures Act (the "APA"), 5 U.S.C. § 701 et seq. Specifically, he alleges that Defendants' denial of his Petition violated the ex post facto clause of Article I of the Constitution, his procedural due process rights under the Fifth Amendment, and his right pursuant to the Fifth and Eighth Amendments to be free of excessive punishment. He further alleges that the denial violated the APA, because CIS arbitrarily and capriciously interpreted the Walsh Act's requirements, engaged in rule-making regarding the Walsh Act without following the APA's notice and comment procedures, and issued ultra vires rules, i.e., rules that are beyond the agency's legislative authority. Defendants have moved to dismiss the Complaint for lack of subject matter jurisdiction.

## II.     LEGAL STANDARD

A motion to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) may challenge the court's jurisdiction on either "factual" or "facial" grounds. Constitution Party of Pa. v. Aichele, 757 F.3d 347, 357-58 (3d Cir. 2014) (citations omitted). A factual attack, which is what Defendants lodge in the instant case, "is an argument that there is no subject matter jurisdiction because the facts of the case . . . do not support the asserted jurisdiction." Id. at 358. In a factual challenge, the court is not required to accept as true the Complaint's allegations and must instead "'satisfy itself as to the existence of its power to hear the case.'" Mortensen v. First Fed. Savs. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977); Harris v. Kellogg Brown & Root Servs., Inc., 724 F.3d 458, 464 (3d Cir. 2013) (quoting Mortensen, 549 F.2d at 891). In the end, the plaintiff bears the burden of showing that jurisdiction exists. Harris, 724 F.3d at 464.

## III. DISCUSSION

Defendants argue in the Motion to Dismiss that we lack subject matter jurisdiction over Bakran's claims because the immigration decision and actions being challenged lie within CIS's discretion. Bakran contends, however, that we have subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and the APA, and urges us to reject Defendants' jurisdictional arguments because he is not challenging any discretionary aspect of CIS's determinations.

Section 1331 of Title 28 of the United States Code gives district courts jurisdiction over "all civil actions arising under the Constitution [and] laws . . . of the United States," 28 U.S.C. § 1331, and, as such, "'confer[s] jurisdiction on federal courts to review agency action.'" Chehazeh v. Att'y Gen. of U.S., 666 F.3d 118, 125 n.11 and 126 (3d Cir. 2012) (quoting Califano v. Sanders, 430 U.S. 99, 105 (1977)). Meanwhile, the APA details the manner by which a party may challenge an agency action. As a general matter, the APA provides that any "person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statue, is entitled to judicial review thereof."[1] 5 U.S.C. § 702. No review is available, however, where a statute specifically precludes judicial review or where the agency decision or action at issue is "committed to agency discretion by law." Id. § 701(a).

The INA provides procedures for judicial challenges to agency decisions involving immigration matters. Particularly pertinent here, the INA includes a jurisdiction-stripping provision, which states that "no court shall have jurisdiction to review . . . any . . . decision or

---

[1] When review is available, a reviewing court "shall . . . hold unlawful and set aside agency action, findings, and conclusions found to be (A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law," [or] (B) "contrary to constitutional right, power, privilege, or immunity." 5 U.S.C. § 706(2).

action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security." 8 U.S.C. § 1252(a)(2)(B). On the other hand, that jurisdictional bar is not applicable where the issue to be reviewed is a "'purely legal question and does not implicate agency discretion.'" Robinson v. Napolitano, 554 F.3d 358, 360 (3d Cir. 2009) (quoting Pinho v. Gonzales, 432 F.3d 193, 204 (3d Cir. 2005)).

Defendants argue that any challenges to their denial of Bakran's I-130 Petition or to agency rules concerning I-130 Petitions are barred by § 1252(a)(2)(B) of the INA, because the Walsh Act delegates unfettered discretion to CIS to determine risk on a case-by-case basis. In this regard, they point to 8 U.S.C. § 1154(a)(1)(A)(viii), which grants CIS "sole and unreviewable discretion" to determine whether a family-based petitioner with a specified criminal conviction poses a risk to the intended foreign national beneficiary. Defendants contend that Bakran is challenging CIS's discretionary "no risk" assessment and the rules concerning this discretionary assessment, and they therefore maintain that both the APA and INA make clear that we have no jurisdiction to hear Bakran's claims.[2]

---

[2] At certain points in their filings, Defendants also appear to argue that we have no jurisdiction over statutory or constitutional challenges to any non-discretionary determination under the Walsh Act because the only avenue for such challenges is the filing of a petition for review with the United States Court of Appeals for the Third Circuit pursuant to 8 U.S.C. § 1252(a)(2)(D). See 8 U.S.C. § 1252(a)(2)(D) ("Nothing in . . . this chapter . . . which limits or eliminates judicial review, shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals . . . .") However, in United States ex rel Vaso v. Chertoff, 369 F. App'x 395 (3d Cir. 2010), the Third Circuit explicitly stated that § 1252(a)(2)(D) "makes no mention of, and has no effect on, the jurisdiction of the district courts" as it "refers only to the jurisdiction of the courts of appeals." Id. at 402. The Third Circuit therefore concluded in Vaso that the district court in that case had erred in holding that § 1252(a)(2)(D) forecloses district court review of constitutional claims and rejected the Government's claim that, by granting the courts of appeals jurisdiction to review

5

The INA generally permits that "any citizen of the United States claiming that an alien is entitled . . . to an immediate relative status under section 1151(b)(2)(A)(i) [including a citizen's spouse] . . . may file a petition with the Attorney General for such classification." 8 U.S.C. § 1154(a)(1)(A)(i) ("Clause (i)"); see id. § 1151(b)(2)(A)(i) (stating that "the term 'immediate relatives' means the children, spouses, and parents of a citizen of the United States"). When the Walsh Act was enacted on July 27, 2006, however, it amended § 1154(a)(1)(A) to add a provision stating that "Clause (i) shall not apply to a citizen of the United States who has been convicted of a specified offense against a minor." 8 U.S.C. § 1154(a)(1)(A)(viii)(I). At the same time, the Walsh Act provided an exception to the exception to Clause (i) insofar as it also stated that the prohibition against the filing of petitions by citizens who were convicted of a "specified offense against a minor" would not apply where the "Secretary of Homeland Security, in the Secretary's sole and unreviewable discretion, determines that the citizen poses no risk to the alien with respect to whom a petition described in [C]lause (i) is filed." Id. Accordingly, CIS's review of an I-130 Petition under the Walsh Act involves two determinations: first, whether the petitioner has been convicted of a qualifying crime and, second, whether the petitioner has proven that he poses no risk to the beneficiary of the petition.

Contrary to Defendants' assertions, Bakran's Complaint in this case does not question the Secretary's determination, in its "sole and unreviewable discretion," that Bakran had failed to prove that he posed no risk to his wife. Rather, Bakran claims that CIS's non-discretionary threshold determination that he may not file an I-130 petition on his wife's behalf because he has

---

"constitutional claims or questions of law," § 1252(a)(2)(D) eliminates district court review of the same claims. Id. Thus, we reject Defendants' suggestion that § 1252(a)(2)(D) functions to deprive us of jurisdiction over Bakran's statutory or constitutional claims.

6

been convicted of a "specified offense against a minor" violates his constitutional rights. Specifically, as noted above, he contends, in "Cause One," that that the statutory prohibition on the filing of I-130 petitions by individuals with such convictions violates the ex post facto clause in Article I of the Constitution under circumstances (such as his) in which the individual was convicted of the qualifying crime prior to enactment of the Walsh Act.  He further contends, in "Cause Two," that application of the same statutory prohibition violates his substantive and procedural due process rights under the Fifth Amendment, because it burdens his fundamental constitutional right to marriage, cannot survive strict scrutiny, and is not accompanied by adequate procedural protections.  Finally, Bakran contends, in "Cause Three," that the statutory prohibition, as interpreted by CIS, violates his right to be free from constitutionally excessive punishment because it, in effect, banishes his spouse from the United States for life.

Likewise, in the remaining counts of Bakran's Complaint, which assert claims under the APA, Bakran challenges CIS's legal authority to adopt and enact rules and procedures regarding I-130 Petitions but, again, does not challenge the merits of the discretionary "no risk" assessment or even the substance of the rules adopted regarding that assessment.  Specifically, in "Causes" Four and Five, Bakran asserts that Defendants acted arbitrarily and capriciously in violation of the APA by (1) interpreting the prohibition on the "filing" of I-130 Petitions by certain convicted individuals to address the question of whether a petition should be approved or denied after it is successfully filed, and (2) creating a presumption of denial of any I-130 Petition filed by individuals with a conviction of an offense against a minor.  In "Causes" Six and Seven, Bakran contends that the Defendants violated the APA by engaging in rule-making regarding the Walsh

7

Act without employing the notice and comment procedures that the APA requires,[3] see 5 U.S.C. § 553(b)-(c), and by issuing ultra vires rules, i.e., rules that were beyond their legislative authority.

In light of the foregoing, we conclude that Bakran's claims do not challenge any aspect of CIS's discretionary "no risk" assessment. We therefore reject Defendants' argument that the INA's jurisdiction stripping provision bars our review of those claims, and we conclude that we have jurisdiction over the claims pursuant to 28 U.S.C. § 1331 and the APA.[4]

---

[3] Specifically, in "Cause Six," Bakran contends that Defendants violated the notice and comment requirements in the APA's rule-making procedures when they issued rules that (1) require petitioners to prove beyond a reasonable doubt that they pose no risk; (2) define risk under the Walsh Act as risk to the beneficiary's "safety and well-being," rather than merely a risk to physical safety; (3) created a presumption of denial for I-130 Petitions filed by individuals with convictions of sexual offenses against minors; and (4) interpreted the Walsh Act to govern the adjudication of petitions after they were successfully filed. While certain aspects of this claim touch upon rules concerning the "no risk" assessment, the claim does not challenge the substance of the rules but, rather, only challenges the procedures by which the rules were adopted. Accordingly, we reject any argument that the claim challenges CIS's discretionary "no risk" assessment and is therefore outside of our subject matter jurisdiction.

[4] We are aware of the decision in Bremer v. Johnson, Civ. A. No. 13-1226, 2014 WL 7238064 (W.D. Mo. Dec. 17, 2014), which appears to conflict with our decision here. Id. at *2-3 (holding that the district court had no jurisdiction over plaintiff's constitutional and legal claims concerning the manner in which the Walsh Act program is implemented). That decision, however, is not binding on us and is the subject of a pending appeal in the United States Court of Appeals for the Eighth Circuit. See Bremer v. Johnson, Civ. A. No. 15-1163 (filed Jan 13, 2015).

## IV. CONCLUSION

For the foregoing reasons, we deny Defendants' Motion to Dismiss for lack of subject matter jurisdiction. An appropriate Order follows.

BY THE COURT:

/s/ John R. Padova, J.
_____
John R. Padova, J.